```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

Olga L. Bogdanov,
Chapter 7 Trustee of
Amherst Technologies, LLC, et al.

    v.                                Civil No. 06-cv-430-JD

Airport Network Solutions, Inc.


O R D E R

Olga L. Bogdanov is the Chapter 7 Trustee in In re Amherst Technologies, LLC, et. al., Bk. No. 05-12831-JMD.  In the course of that proceeding, Bogdanov has filed a series of adversary actions seeking to recover accounts receivable owed to the estate.  Because those actions involved pre-petition and post-petition accounts receivable, Bogdanov filed motions to have the reference to the bankruptcy court withdrawn pursuant to 28 U.S.C. § 157(d).  This court consolidated five previous cases for the purpose of deciding the motions to withdraw the reference and then denied the motions.  See Olga L. Bogdanov, Chapter 7 Trustee v. B&H Foto & Electronics, Corp., et al., 06-cv-384-JD (D.N.H. Nov. 14, 2006) (doc. nos. 5 & 6).

In this case, Bogdanov moves to withdraw the reference for an adversary proceeding against Airport Network Solutions, Inc., in which she seeks to recover $24,066.44 in pre-petition accounts receivable.  Airport Network Solutions has defaulted in the case,

and the Trustee has moved for entry of default judgment.  Judge Deasy recommends that Bogdanov's motion to withdraw the reference be granted because the claims against Airport Network Solutions, Inc., involve pre-petition accounts receivable that are non-core matters.

In the context of the Trustee's motions to withdraw the reference for the five previous adversary proceedings, the court concluded that because of the complexity of the bankruptcy case and the number of adversary proceedings it has generated, it was more appropriate to have all of the proceedings heard in the bankruptcy court.  See Bogdanov, 06-cv-384 (doc. no. 6) at 4-5. Although this case seeks to recover only pre-petition accounts receivable, while the previous cases sought both pre- and post-petition accounts, that difference has not been shown to be a basis for withdrawing the reference here.  In light of the need for continuity in the disposition of these proceedings, as noted in the court's decision denying the previous motions, it is appropriate in this case, as in the five previous cases, to have the issues addressed in the first instance by the bankruptcy court.

Conclusion

For the foregoing reasons, the Trustee's motion to withdraw the reference (document no. 2) is denied. The clerk of court shall close the case.

SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

November 28, 2006

cc:  Olga L. Bogdanov, Esquire
     Clerk, US Bankruptcy Court